IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **GILLIAN MILLER, LAKISHA AUSTIN, and ARTHUR and LUELLA DAVIS** on behalf of themselves and all others similarly situated,<br><br>        **Plaintiffs,**<br>vs.<br><br>**COUNTRYWIDE BANK, FSB, et al**<br><br>        **Defendants.** | C.A. No. 1:07 CV-11275-RGS |

### JOINT DISCOVERY REPORT PURSUANT TO FED. R. CIV. P. 26(f)

The parties, through their respective counsel of record, have conferred in accordance with Rule 26(f) of the Federal Rules of Civil Procedure and hereby respectfully submit the following Joint Discovery Report reflecting the matters on which they agree and expressing their respective views on the matters on which they disagree.

**1.    Evidence Preservation.**

Plaintiffs have requested a confirmation concerning evidence preservation, in light of the anticipated merger between the Defendants and Bank of America. Counsel for the Defendants will provide confirmation, on or before March 31, 2008, that Countrywide does not anticipate that the Bank of America transaction will cause or itself result in any evidence destruction or alteration.

**2.    Disclosures.**

Plaintiffs propose that the parties exchange initial disclosures by March 17, 2008. The parties will supplement disclosures as necessary under Fed. R. Civ. P. 26.

Countrywide proposes that the parties exchange initial disclosures thirty days after the point when the pleadings are at rest, i.e. after any answer is filed following the Court's ruling on the pending Motion to Dismiss, and any subsequent motions assuming the case survives.

**3.     Discovery.**

   **A.     Timing**
      **1.     Plaintiffs' Position**

The parties have not taken any formal discovery to date.  Plaintiffs' position is that discovery should proceed despite Defendants' pending Motion To Dismiss [Docket No. 16] due to the extended schedule for the hearing on this motion.  This matter was filed in July, 2007 and involves circumstances in which some members of the class are at ongoing risk of loss of their homes due to the alleged conduct. Courts routinely have allowed discovery to proceed while a motion to dismiss is pending. *Coca-Cola Bottling Company v. Grol,* 1993 WL 13139559 (E.D. Pa. 1993)("A court should not automatically stay discovery pending a motion to dismiss…"); *Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D. Ca. 1990)(pending motion to dismiss is not sufficient to justify a stay of discovery); *People With Aids v. Burroughs*, 1991 WL 221179 (D.D.C. 1991)(*quoting, Twin City Fire Ins. v. Employers Ins. of Wausau*, 124 F.R.D. 652 (D.Nev. 1989), "[A] pending motion to dismiss is not ordinarily a situation that in and [of] itself would warrant a stay of discovery.").

Discovery should proceed when there is high likelihood that a motion to dismiss will be denied. *Tolliver v. True*, Civil Action No. 06-cv-02574, 2007 WL 1306459, at *2 (D. Colo. May 3, 2007) (noting, in denying defendant's motion to stay discovery that, "motions to dismiss are denied more often than they are granted; and [the Court] recognizes the general rule in this district that motions to stay discovery are not granted merely due to the pendency of a motion to dismiss.")  In recent months, Courts have uniformly denied motions to dismiss mortgage lending

2

discrimination claims similar or identical to those raised in Plaintiffs' complaint. See Third Declaration Of Gary Klein For The Purpose Of Submitting Supplemental Authority Directly Relevant To Countrywide's Motion To Dismiss [Docket No. 32]  (citing six recent decisions on motions to dismiss).   There is no reason to think that the analysis in this case will be different from that of the six cited decisions.

### 2. Defendants' Position

Defendants believe the usual course of discovery is appropriate for this case, in that there is little reason to conduct discovery prior to a ruling on the Motion to Dismiss.  Plaintiffs' unsupported statement that class members "are at ongoing risk of loss of their homes" is not only unrelated to the claims asserted in the complaint, it is not a basis to force Countrywide into discovery that may ultimately be unnecessary should the Court grant Countrywide's Motion. *E.g.*, *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 59 (1st Cir. 2006) (It is well within the court's province to stay discovery "pending the determination of a dispositive motion."); *Stanley v. CF-VH Assocs., Inc.*, 956 F. Supp. 55, 56 (D. Mass. 1997) (discovery stayed "to permit defendants to present their threshold dispositive arguments"); *Republic of Turkey v. OKS Partners*, 797 F. Supp. 64, 70 (D. Mass. 1992) (lifting stay of discovery only after ruling on motion to dismiss); *Wilkes v. Heritage Bancorp, Inc.*, 767 F. Supp. 1166, 1168 (D. Mass. 1991) (involving "a stay of discovery in all proceedings on plaintiffs' motion for class certification, pending the outcome of defendants' motions to dismiss"); *Bettencourt v. Board of Registration in Medicine*, 721 F. Supp. 382, 383 (D. Mass. 1989), *aff'd* 904 F.2d 772 (1st Cir. 1990) (discovery stayed pending resolution of motions to dismiss).

## B.   Scope

### 1. Plaintiffs' Position

Plaintiffs propose that discovery on class certification issues and the merits proceed simultaneously.  The vast majority of courts decline to bifurcate class and merits discovery because the two are "not always distinguishable." *See In re Plastics Additives Antitrust*

*Litigation*, 2004 WL 2743591 (E.D. Pa. 2004) (declining to bifurcate discovery after finding it would delay the resolution of the litigation and noting that to do so would be in derogation of Fed. R. Civ. P. 1, which dictates that procedural rules must be administered to secure "the just, speedy, and inexpensive determination of every action"); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 41 (C.D.Cal. 1990) ("discovery relating to class certification is closely enmeshed with merits discovery and in fact cannot be meaningfully developed without inquiry into basic issues of the litigation"); *Bogosian v. Gulf Oil Corp.*, 1978-1 CCH Trade Cas. ¶ 62,118 (E.D.Pa. 1978) (denying motion to stay discovery on the merits pending decision on a motion for class certification). To the extent that the Court may be forced to spend time and resources resolving discovery disputes over what is "damages" discovery as compared to "class" discovery, Countrywide's proposed bifurcation would undermine principles of judicial economy. *See, e .g., In re Hamilton Bancorp, Inc. Securities Litigation*, 2002 WL 463314, at *1 (S.D.Fla. Jan.14, 2002) (noting that "bifurcation of discovery may well-increase litigation expenses by protracting the completion of discovery, coupled with endless disputes over what is 'merit' versus 'class' discovery").

The Manual for Complex Litigation, Fourth Edition, § 21.14 also recognizes the potential difficulties related to the bifurcated approach Countrywide proposes:

> There is not always a bright line between [certification issues and issues related to the merits of the allegations.] Courts have recognized that information about the nature of the claims on the merits and the proof that they require is important to deciding certification. Arbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes.

There is no clear dividing line between class certification and merits discovery because the class certification decision involves "[a]n analysis of the issues and the nature of the proof which would be required at trial." *Hedges Enterprises, Inc. v. Continental Group, Inc.*, 81 F.R.D. 461, 464 (E.D.Pa. 1979); *Eshaghi v. Hanley Dawson Cadillac Co.*, 214 Ill.App. 3d 995, 574 N.E.2d

760, 764 (1st Dist. 1991) ("to determine whether common questions of law or fact predominate in the certification of a class action, the court must inquire into the issues raised"). Importantly, the 2003 Advisory Comm. Notes to Fed. R Civ. P. 23(c)(1)(A) note that "[a]ctive judicial supervision may be required to achieve the most effective balance that expedites an informed certification determination without forcing an artificial and ultimately wasteful division between 'certification discovery' and 'merits discovery.'" Here, establishing that plaintiffs' claims are representative and typical of the class claims requires discovery that compares the excess finance charge plaintiffs paid to the charges paid by other borrowers - issues that are inextricably intertwined with the merits of the case.

### 2.     Defendants' Position

Countrywide believes that targeted phasing of discovery is appropriate here, and a well-accepted and efficient means to deal with the often overwhelming discovery burden placed on class action defendants.  Plaintiffs' contention that the "vast majority of courts decline to bifurcate discovery" is quite simply and flatly wrong.  Courts routinely bifurcate class certification and merits discovery.  *See, e.g., Kreger v. General Steel Corp.*, 2008 U.S. Dist. LEXIS 12568, *3 n.2 (E.D. La. Feb. 15, 2008); *Gates v. Rohm & Haas Co.*, 2007 U.S. Dist. LEXIS 33527, *6-7 (E.D. Pa. May 3, 2007); *In re Urethane Antitrust Litig.*, 2007 U.S. Dist. LEXIS 3905, *26 (D. Kan. Jan. 17, 2007); *Plummer v. Chicago Journeyman Plumbers' Local Union No. 130*, 77 F.R.D. 399 (N.D. Ill. 1977).

Indeed, the Manual for Complex Litigation essentially concludes that bifurcating discovery is appropriate in most class actions.  The Manual points out that separating discovery between certification issues and those related to the merits is useful and efficient:

> Discovery relevant only to the merits delays the certification decision and may ultimately be unnecessary.  Courts often bifurcate discovery between certification issues and those related to the merits of the allegation.  Generally, discovery into certification issues pertains to the requirements of *Rule 23* and tests whether the claims and defenses are susceptible to class-wide proof; discovery into the merits

pertains to the strength or weaknesses of the claims or defenses and tests whether they are likely to succeed.

Manual for Complex Litigation (4th) § 21.14 (2006).

Here, discovery on many issues relevant to the merits are not inextricably entwined with certification issues. Plaintiffs' theory of liability is that defendants' neutral policies had a disparate impact upon African Americans, causing the latter to pay higher prices for mortgage credit. Among the merits issue that the theory implicates are (a) proof of the policies, (b) proof that mortgage credit was more expensive, (c) proof that that increased expense was caused by defendants' policies, (d) defendants' appropriate business justifications for those policies, (e) proof concerning any alleged alternative methods for achieving defendants' business objectives, and (f) damages, if any. Many of these issues will involve substantial data analysis and experts, testifying as to statistical issues (credit cost, causation) and as to mortgage market and business issues. The class certification question does not implicate whether plaintiffs' theories are correct – and so discovery as to them is not necessary now – but, rather, whether plaintiffs could prove their theories with uniform evidence on a classwide basis and whether the three named plaintiffs have claims that are representative. Plaintiffs' proposal, on the other hand, would pull the parties into addressing *before certification* (if any) such merits issues as the size of any impact, any causal link (including analysis of confounding factors), business justification, defendants' minority outreach efforts, and damages for potentially thousands of alleged class members.

The Court should bifurcate discovery, allowing in an initial Phase I discovery as to class certification issues and the merits of the three named plaintiffs' claims. This will enable the parties to focus their efforts, as the Manual for Complex Litigation advises, on issues that go to the threshold class question this Court must face. Bifurcation will promote the early and

efficient resolution of class issues contemplated by Fed. R. Civ. P. 23(c)(1) (recognizing that class certification must be made "at an early practicable time after a person sues or is sued as a class representative"). *See also Plummer*, 77 F.R.D. at 402 (noting "the command of Rule 23 that the class determination should be made as early as practicable," and finding that "[d]iscovery on the merits should not be allowed to slow discovery on the class action issue.").

A second, Phase II, which follows the certification decision can address any merits issues that remain. Bifurcation will aid the parties and the Court through that phase, for the class decision may well define or redefine the case in a manner that shapes the need and scope of merits-based discovery. For example, plaintiffs in this case seek to certify a class (or subclasses) that encompass three of defendants' business lines – direct lending, lending through brokers ("wholesale"), and purchasing of loans already made ("correspondent"). If, as defendants expect, the Court finds that a class cannot be certified as to the wholesale and correspondent business – because the decision on loan price is set by a third party and not by Countrywide, and subject to too many varying factors to allow a class to proceed – Phase II discovery will be much more limited in scope.

Bifurcation has the additional benefit that forcing defendants to engage in complex and expensive discovery related to issues not relevant to class certification at this juncture would be wasteful and inefficient. *See* Manual for Complex Litigation § 21.14 ("in cases that are unlikely to continue if not certified, discovery into aspects of the merits unrelated to certification delays the certification decision and can create extraordinary and unnecessary expense and burden."). This is likely to be an expensive case, especially for defendants. Bifurcation will ensure that the parties devote their attentions to the issues that matter, at this stage.

### C.     Local Rule 26.1(c) Limitations

Plaintiffs further propose that each side be permitted to take 15 depositions, other than expert depositions and that each side be permitted to serve 50 interrogatories. Plaintiffs believe that additional depositions and interrogatories are warranted by the complex nature of this action and the anticipated need to conduct depositions of third-party witnesses. Plaintiffs do not presently propose any other deviations from the limits set in Local Rule 26.1(C), but reserve their position that any party may move the Court for an extension of the discovery limits in the Local Rule.

Countrywide does not believe any changes to Local Rule 26.1(c) are necessary and suggests that the parties operate under those provisions and seek leave at a later time if it becomes necessary. It is Countrywide's belief that the Rule's limitations help enforce efficient use of the discovery tools and discourage discovery inefficiency and abuses.

The parties have discussed defendant's position that certain information may be protected in this case by the self-evaluation, self-testing, work product, and/or the attorney client privilege. Once discovery requests have been promulgated and objections made, the parties will attempt to resolve any such disputes in good faith. The parties will seek the Court's assistance if they are unable to resolve any such disputes.

### 4.     Protective Order.

The parties will work collaboratively on a form of protective order to govern this case.

          Respectfully Submitted,
          On behalf of Plaintiffs,


          /s/Gary Klein_____
          Gary Klein (BBO 560769)
          Shennan Kavanagh (BBO 655174)
          Kevin Costello (BBO 669100)
          RODDY KLEIN & RYAN
          727 Atlantic Avenue
          Boston, MA  02111-2810
          Tel:  (617) 357-5500
          Fax:  (617) 357-5030

          Marvin A. Miller
          Matthew E. VanTine (BBO 541943)
          Lori A. Fanning
          MILLER LAW LLC
          115 South LaSalle Street, Suite 2910
          Chicago, IL  60603
          Tel:  (312) 332-3400

          Samuel H. Rudman
          Robert M. Rothman
          Mark S. Reich
          COUGHLIN STOIA GELLER RUDMAN &
          ROBBINS LLP
          58 South Service Road, Suite 200
          Melville, NY  11747
          Tel:  (631) 367-7100
          Fax:  (631) 367-1173

          Thomas M. Sobol (BBO 471770)
          Gregory Matthews (BBO 653316)
          HAGENS BERMAN SOBOL SHAPIRO LLP
          One Main Street, 4th Floor
          Boston, MA  02142
          Tel:  (617) 475-1950
          Fax:  (617) 482-3003

On behalf of Defendants,


/s/ James W. McGarry_____
James W. McGarry (BBO 633726)
Michelle R. Gonnam (BBO 662560)

Goodwin Procter, LLP
53 State Street
Exchange Place
Boston, MA 02109
617-570-1332
Fax: 617-523-1231

Thomas M. Hefferon (BBO 548289)
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC 20001
202-346-4000
Fax: 202-346-4444

## CERTIFICATE OF SERVICE

I, Gary Klein, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to the non-registered participants by first class mail, postage prepaid, on March 14, 2008.

/s/ Gary Klein
Gary Klein